NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAMELA STOKES, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>THE FARRELL LAW GROUP, LLC et al., :<br>:<br>Defendants. :<br>:<br>: | Civil Action No. 11-6747 (SRC)<br><br>**OPINION** |

**CHESLER**, District Judge

      This matter comes before the Court on the motion by Defendants The Farrell Law Group, LLC and Clayton B. Farrell (collectively, "Defendants") for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff Pamela Stokes ("Plaintiff" or "Stokes") has opposed the motion. The Court opts to rule on the instant motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. It has considered the papers filed by the parties, and for the reasons discussed below, will dismiss the entire Complaint with prejudice.

      This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. It stems from a debt collection letter (the "Letter") Plaintiff received from Defendants. On November 16, 2011, Plaintiff filed a class action Complaint which asserts one claim that the Letter violates the FDCPA. Defendands have now moved for judgment on the pleadings.

      Defendants challenge the sufficiency of the pleadings under Federal Rule of Civil

Procedure 12(c). Rule 12(c) permits a party to move for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial." Fed.R.Civ.P. 12(c). Though procedurally it applies later in a case than a Rule 12(b) motion, which may be filed in lieu of a responsive pleading, a motion brought under Rule 12(c) for failure to state a claim upon which relief may be granted is governed by the same standard applicable to Rule 12(b)(6) motions. Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991).

The issue before the Court on a motion challenging the sufficiency of a complaint under Rule 12(b)(6), and thus the issue pertinent to a Rule 12(c) motion, "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). To make that determination, the Court must employ the standard of review articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal. A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). The pleading standard imposed by Federal Rule of Civil Procedure 8(a) will be met if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.) While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557. The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead

mandates a statement 'showing that the pleader is entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). This showing must be made by the facts alleged. Id.  As in a Rule 12(b)(6) motion, the Court is limited in its review under Rule 12(c) to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Congress enacted the FDCPA "to eliminate abusive debt collection practices." 15 U.S.C. § 1692(e).  Persons aggrieved by a debt collector's violation of any one or more of the statutory requirements may seek legal redress pursuant to the private cause of action created by the statute. 15 U.S.C. § 1692k.   The Third Circuit has held that "lender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quotation omitted).  Although the "least sophisticated debtor" standard is a low standard, it "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir. 2000).  "Even the least sophisticated debtor is bound to read collection notices in their entirety." Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir. 2008).

Defendants contend that the Complaint fails to state any valid claim for relief. Defendants argue that: 1) the Letter does not misrepresent the level of attorney involvement; 2) the Letter does not misrepresent Defendants' ability or intention to take legal action; and 3) the Letter did not use Defendants' name or title to make deceptive statements.

Plaintiff's opposition brief does not respond to Defendants' brief point-by-point. Rather, it contends that the letter:

> fails to comply with various FDCPA provisions, including 1692e(3) (the false representation that the communication is from an attorney); 1692e(5) (the threat to take any action that is not intended to be taken); 1692e(10) (the use of any false representation or deceptive means to collect or attempt to collect any debt); 1692g (requires the debt collector to send certain information to the consumer within five days after sending an initial communication to a consumer); and 1692j(a) (makes it unlawful for a debt collector to design and furnish any form, knowing that such form would be used to create a false belief in a consumer that a person other than a creditor is participating in the collection of a debt, when such person is not so participating).

(Pl.'s Opp. Br. 5.) Despite the citation to so many FDCPA provisions, Plaintiff makes only one argument in opposition to the motion: the Letter would mislead the least sophisticated debtor about the level of attorney involvement in the letter and in the debt collection process.

Plaintiff first points to the references in the Letter to the law firm and an attorney, contending that these are false representations and deceptive means to collect a debt. Plaintiff concedes that the Letter includes a disclaimer, which states: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account." (Pl.'s Opp. Br. 8.) Defendants have noted that this statement uses the exact disclaimer which the Second Circuit found sufficient to bar a claim of misrepresentation of attorney involvement in Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 365 (2d Cir. 2005).

In response, Plaintiff unsuccessfully attempts to distinguish Greco. Plaintiff objects that Greco involved a motion to dismiss – but the instant motion is decided under the same standard. Plaintiff then points to some specific factual differences: 1) the Greco letter was not signed by a particular individual attorney, but gave the name of the law firm; 2) the Greco letter stated that

4

the named law firm had been retained by the creditor, while the Letter states "our law firm has been retained" by the creditor; 3) the Greco letter did not direct the debtor to a law firm website, as the Letter does.  Plaintiff does not persuade that these are material and relevant distinctions.

In Greco, the Second Circuit noted the identical disclaimer language in the letter, and then stated: "Nothing else in the letter confused or contravened this disclaimer of attorney involvement."  Id.  In examining the features of the instant letter that Plaintiff contends distinguish this case from Greco, this Court inquires into whether any of them might confuse the least sophisticated debtor or contravene the disclaimer.  This Court finds that the least sophisticated debtor would not be confused or misled about the level of attorney involvement indicated by the Letter.  The fact that the name of "Clayton B. Farrell, Attorney" appeared as a sender along with the name of the law firm would not confuse the debtor or contravene the disclaimer.  The wording "our law firm has been retained," rather than "The Farrell Law Group, LLC has been retained" would not confuse the debtor or contravene the disclaimer.  The reference to the firm website would not confuse or contravene either.  Plaintiff points to information about Farrell within the website that, she contends, would confuse the debtor.  Plaintiff has offered no authority for the proposition, however, that a reference in a collection letter to a website has the legal effect of incorporating the entire website into the collection letter, for purposes of the FDCPA.  Moreover, the Complaint makes no factual allegations in regard to the website reference or the website itself.  It is well-established that a party cannot amend his complaint in a brief submitted in opposition to a motion to dismiss.  Federico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007).  In view of these points, this Court will confine its examination of the Letter to the letter itself.

5

Plaintiff has failed to distinguish Greco.  The Letter contains the identical disclaimer, which the Second Circuit found to be effective as a disclaimer of attorney involvement.  Plaintiff has failed to persuade this Court that anything else in the Letter would confuse the least sophisticated debtor, or contravene the disclaimer.  The Complaint fails to state a claim that the Letter misrepresents attorney involvement in violation of the FDCPA.

Both parties distinguish the instant case from Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3d Cir. 2011).  Lesher is nonetheless relevant to the instant case, because it recognizes the particular disclaimer at issue in this case – the one used in Greco – and it sets forth the Third Circuit's inquiry into the legal effect of the disclaimer: the question is whether, considering all the circumstances of the letter, the disclaimer "effectively mitigated the impression of attorney involvement."  Id. at 1003 n.11.  This Court finds that the use of the Greco disclaimer in this case effectively mitigates any incorrect impression of attorney involvement.  The disclaimer is prominently placed in the letter, and it is printed in a bold font.  Plaintiff has failed to point to any other characteristics of the letter which are likely to confuse or mislead the least sophisticated debtor as to the level of attorney involvement.

Plaintiff makes no other arguments in opposition, although Count I in the Complaint asserts other violations of the FDCPA.  This Court finds that Plaintiff has abandoned any aspects of Count I not raised in her opposition brief.

In view of the relevant Third Circuit law, as stated in Lesher, this Court finds that the Complaint fails to state a valid claim for relief.  Defendants' motion for judgment on the pleadings will be granted.

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy."  New

York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  This Court cannot see any way that Plaintiff could amend the Complaint so that it would withstand a motion to dismiss.  Amendment is futile.

Defendants ask as well that they be granted attorneys' fees, pursuant to 15 U.S.C. § 1692k, which states: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).  Defendants have made no showing here that this suit was brought in bad faith, nor that it was brought for the purpose of harassment.  The request for attorneys' fees is denied.

For the foregoing reasons, the Court will dismiss the entire Complaint with prejudice for failure to state a valid claim for relief.

      s/Stanley R. Chesler
      STANLEY R. CHESLER
      United States District Judge

Dated: April 26, 2012